CYRUS N. BAIRD ET AL. V. AMI B. TODD ET AL.,
AND
WILLIAM JAMESON V. A. B. DICKSON ET AL.

[FILED NOVEMBER 6, 1889.]

1. **Statutes:** CONSTITUTIONALITY. The act approved February 26, 1889, to amend the second division of section 25 of chapter 18 of Compiled Statutes of 1887, relating to county buildings and offices, as amended by act of March 31, 1887, *held*, to be constitutional and valid from the date of passage. (*State, ex rel. Burnham, v. Babcock*, 23 Neb., 128; *Fenton v. Yule*, at the present term, cited and affirmed.)

2. **County Bonds** for internal improvements, creating a public debt prior to November 1, 1875, to be satisfied by levy on the total valuation of the county, are not an assessment of taxes within the limitation of section 5 of article 9 of the constitution, but are an "indebtedness existing at the adoption of the constitution," not subject to the restriction "of one and a half dollars per one hundred dollars valuation" of the total levy of the board of county commissioners.

APPEALS from the district court for Cass county. Heard below before FIELD, J.

*Webster & Holmes*, and *E. H. Wooley*, for appellants.

*Mathew Gering* (*A. N. Sullivan* and *B. 'Clark* with him), for appellees.

For contentions of counsel, see *Fenton v. Yule, ante,* 758, where the points raised in the briefs are in the main similar.

COBB, J.

The appellants in this case appeal from two different actions rendered against them separately in the court below.

First—Cyrus N. Baird and Lewis C. Todd, suing as taxpayers of said county, represent that Ami B. Todd, A. B. Dickson, and Lewis Foltz, the board of county commissioners of said county, under an act of the legislature entitled "An act to amend the second subdivision of section 25, article 1, of chapter 18 of the Compiled Statutes of this state," approved February 26, 1889, appointed a special election to be held in said county on June 8, 1889, for the purpose of submitting to a vote of the electors the proposition to issue $80,000 of county bonds, of the denomination of $1,000 each, to be dated January 1, 1890, bearing an annual interest of five per cent, payable in twenty years from date and redeemable in ten years at the option of said board of county commissioners, or their successors in office, for the purpose of building a court house at the county seat of said county, with power and authority to levy a tax to pay the principal and annual interest of said bonds at the state's fiscal agency in the city of New York, and to create an annual sinking fund of $4,000 for the payment of the principal; that there were cast at said election in favor of said proposition 3,078 votes, and against it 2,875 votes, leaving a majority of 203 votes in favor of the proposition, which the said board of county commissioners is about to carry out under said act of

February 26, 1889, and which act, not being in accord with, but in violation of, sections 27 and 30 of article 1 of chapter 18 of the Compiled Statutes of this state, requiring two-thirds of the votes cast at said election in order to authorize the proposition, and against which an injunction is now prayed.

Second—The plaintiff, William Jameson, sets up against the same board of county commissioners that said county, prior to November 1, 1874, contracted a bonded indebtedness in the aid of internal improvements, of which there was then outstanding $82,000, for the payment of which there had been collected and was in the county treasury the sum of $32,000, and there was still outstanding, in excess of any moneys for the payment, $50,000 of such indebtedness; that the assessed valuation of the county was but $4,761,884, and that the county revenue requires a tax of twelve mills, which has been levied, and for sinking fund for the outstanding bonds, four mills on the dollar, making for all purposes of county revenue sixteen mills; that if said proposition to issue $80,000 additional court house bonds is permitted to be carried out, there must be imposed a further tax of one and three-fourths mills on the dollar of valuation of the property in said county for the interest and sinking fund for the payment of the bonds under the defendants' proposition, which will necessitate a tax of seventeen and three-fourths mills on the dollar, and in excess of the limit permitted by the constitution of this state.

The defendants demurred generally in each case, which demurrers were sustained by the court below and the plaintiffs appealed both causes to this court.

The questions presented in the petition of Cyrus N. Baird and Lewis C. Todd are substantially the same as those considered at the present term and decided in the case of *Fenton v. Yule,* appealed from the district court of Gage county; and nothing need be added here to the views

expressed in that case. The judgment of the district court is therefore affirmed.

In Jameson's petition another and different question is sought to be raised. The petitioner starts out with the allegation that long prior to November 1, 1875, the county of Cass issued its bonds to the Burlington & Missouri River Railroad Company in Nebraska, bearing interest at the rate of ten per cent per annum; that there is outstanding of that indebtedness $82,000, and for the payment thereof there has been raised and collected about $32,000, and that there is still outstanding against the county of Cass, in excess of said sinking fund, the sum of $50,000 of indebtedness accruing prior to the adoption of the present constitution.; that the board of county commissioners of Cass county has levied for various purposes for the year 1889 the sum of twelve mills for general revenue purposes, and four mills for sinking fund, of said county indebtedness, being a total levy of sixteen mills for all purposes of county revenue. The petitioner then sets up the submission, by the county commissioners, to a vote of the legal electors the proposition to issue and put upon the market eighty bonds of said county of the denomination of $1,000 each, bearing interest at five per cent per annum, payable annually as stated; also, further providing for a sinking fund of five per cent per annum for the payment of the principal; that such election was duly held and the proposition carried by a majority vote only of the legal electors; that the county board claim that such majority vote is sufficient to authorize and empower them to issue the bonds and make them binding upon the county; and that the board is about to proceed to issue and sell the same; and that if the bonds are issued, for the purpose of paying the interest and providing the sinking fund it will be necessary to make an annual levy of taxes upon the total property of the county, in addition to the taxes above specified, of one and three-fourths mills on the dollar of

total valuation, thereby swelling the taxes to an amount exceeding the constitutional limit of fifteen mills.

Section 5 of article IX of the constitution provides that "County authorities shall never assess taxes the aggregate of which shall exceed one and a half dollars per one hundred dollars valuation, except for the payment of indebtedness existing at the adoption of this constitution, unless authorized by a vote of the people of the county."

From the language of this provision it is readily seen that the bonded indebtedness of the county of Cass set out in the plaintiff's petition, having been contracted before the adoption of the state constitution, is excepted from its provisions, and hence the taxes and assessment required to pay the same are not to be considered as any part of the taxes limited therein. Leaving such taxes out, as we must, it does not appear that the taxes necessary to pay the annual interest and provide a sinking fund for the payment of the principal of the bonds contemplated by the submission and vote referred to in the plaintiff's petition, and the issuing of which is sought to be enjoined, added to the other taxes for the year 1889 levied upon the property of said county will increase the taxes thus to be levied to an amount or rate exceeding one and one-half dollars per one hundred dollars of valuation thereof; that is to say, as shown by the exhibit attached to the petition, the levies for the year 1889 are:

| | |
|---|---|
| General fund............................................ | 7 mills. |
| Bridge    "    ............................................. | 2    " |
| Road    "    ............................................. | 3    " |
| Insane    "    ............................................. | $\frac{1}{2}$    " |
| | |
| Making............................................ | 12$\frac{1}{2}$    " |
| Add to this the levy for the bonds to be issued... | 1$\frac{3}{4}$    " |
| | |
| Making an aggregate for all county purposes of | 14$\frac{1}{4}$    " |

—a levy quite within the constitutional limitation.

I acknowedge my entire inability to comprehend any legal force within the proposition and argument of counsel in the brief, that the indebtedness and the tax to pay the same incurred prior to the adoption of the constitution does not fall within the exception contained in sec. 5 of article 9 above quoted. For unless it is the meaning of said section to take the taxes necessary to be levied to liquidate all indebtedness incurred prior to the adoption of the constitution, and existing at the time of its adoption whether as principal sum or interest thereon, out of the limitation there established for general taxation, I am unable to attach any meaning to that part of the language of the section.

Holding as I do that all the taxes enumerated, other than that necessary to pay said prior indebtedness, and including the taxes necessary to pay the interest and raise the sinking fund contemplated upon the bonds, the issue of which is sought to be enjoined, come within the limitation established by the first clause of said section, I do not deem it necessary to discuss the proposition whether the issue of the bonds sought to be enjoined falls within the exception of the last clause, " unless authorized by vote of the people of the county." Otherwise it might be seriously doubted whether any act of the legislature could with binding force add to the language of said clause and require a vote greater than a majority of the people of the county to authorize an indebtedness, and take it out of the limitation established by said section.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.