FRANKLIN P. BONNELL V. COUNTY OF NUCKOLLS ET AL.

[FILED JUNE 30, 1891.]

**Stare Decisis.** The decision originally rendered November 26, 1889, 28 Neb., 90, in accordance with that of *Baird v. Todd,* and *Jameson v. Dickson,* 27 Id., 782, considered and affirmed.

REHEARING of case reported 28 Neb., 90.

*Leese & Stewart,* for plaintiff.

*O. P. Mason, C. O. Whedon, C. S. Johnson,* and *S. A. Searle, contra.*

COBB, CH. J.

This is an original action in this court, to enjoin the board of county commissioners of Nuckolls county from levying a tax, to pay the principal and interest on certain court house bonds, voted by the electors of said county, in pursuance of an act of the legislature of this state entitled "An act to amend the second subdivision of section twenty-five of chapter eighteen of the Compiled Statutes of 1887, in relation to county buildings and officers, and to repeal said subdivision," approved February 26, 1889.

It was argued by the plaintiff, on a former hearing, that the act referred to was not a constitutional act, for the reason that its title and provisions were not in accordance with the requirements of section 11 of article 3 of the constitution, that "No bill shall contain more than one subject, and the same shall be clearly expressed in its title;" and, second, that the taxes to pay the interest on the bonds, together with that necessary for ordinary county revenue, will exceed fifteen mills of each dollar of valuation, in violation of section 5 of article 9 of the constitution, that, "County authorities shall never assess taxes, the aggregate of which shall exceed one and a half dollars per one hundred dollars valuation, except for the payment of indebtedness existing at the adoption of this constitution, unless authorized by a vote of the people of the county." It is admitted that both the principal and interest of the bonds "were authorized by a vote of the people of the county," under the act of February 26, 1889; and it was held, in this case, 43 N. W. Rep., 1145, that both the questions presented, as to the constitutionality of the act, the bonds, and the assessment under it, were decided in the cases of Baird v. Todd, 27 Neb., 782; and Jameson v. Dickson, Id. The court said, "We regard those decisions as correct; they are decisive of this case, and are affirmed."

On the application of the plaintiff for rehearing in this case, which was subsequently allowed, there was no evidence offered, nor allegation showing when the levy sought to enjoined is to be made, or what the amount will be. The relief sought is to enjoin every levy for the court house purposes. It is claimed that the levy for the year 1889, aggregates fifteen mills to the dollar on the one hundred dollars valuation, and that the interest on the bonds, requiring an additional levy of sixty-eight one-hundredths of a mill to the fifteen mills already assessed, would exceed the limit of section 5 of article 9 of the constitution.

The court is not informed, and has no means of esti-

mating, what assessment, in the future, may be required to pay this interest.   As a speculative inquiry, it might be assumed that the levy would be less from the county's erection of its court house and public offices, and the elimination of its expenses for rent of buildings for county purposes.   And this economic question is one solely for the county authorities, and we leave it there.   The former decision is

AFFIRMED.

THE other judges concur.